IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOSEPHINE S. BAILEY**                                                                                **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 4:19-CV-168-RP**

**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

<u>**FINAL JUDGMENT**</u>

Plaintiff Josephine S. Bailey filed suit under 42 U.S.C. § 1383(c) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income and/or disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds there is no reversible error and the Commissioner's decision is supported by substantial evidence in the record.

The plaintiff's primary argument is that the VE misclassified her past relevant work as that of family advocate, DOT Code 195.107-010, which, as the VE testified, is considered sedentary work under the Dictionary of Occupational Titles. The plaintiff contends the job duties and exertional demands of her past relevant work (PRW) as she actually performed it, including standing/walking for 7 hours per day, are more consistent with those of the child welfare caseworker job at DOT Code 195.107-014, which is considered light work under the DOT. The plaintiff argues that had her PRW been classified as she now urges, and given her RFC as assessed by the ALJ, she would have been found unable to perform her PRW and a finding of disabled would have been directed by the Medical-Vocational Guidelines. The court disagrees.

Although perhaps, if found unable to perform her PRW, the plaintiff would "grid" out as disabled if she had been assessed a *sedentary* RFC, the ALJ below did not assess a sedentary RFC. Rather, the ALJ assessed a light RFC with the additional limitation of being able to stand or walk for 4 hours in an 8-hour workday. In situations such as this where the grid rules would direct different conclusions at different exertional levels, and the claimant's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the extent of the remaining occupational base, and the ALJ should consult a VE. SSR 83-12 (S.S.A.), 1983 WL 31253. The ALJ did so in this case, and the VE testified that an individual with the plaintiff's age, education, work history and RFC would be able to perform the plaintiff's PRW of family advocate, which is classified as sedentary under the DOT. Although the ALJ may have erred in finding the plaintiff can perform her PRW *as actually performed* given her report of standing/walking 7 hours per day, the determination of the plaintiff's ability to perform PRW may also rely on a description of past work *as generally performed* in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The DOT, under which the plaintiff's PRW as classified by the VE is considered sedentary, "reflects the exertional requirements of a job as performed in the national economy." *Villa,* 895 F.2d at 1022. (citing 20 C.F.R. § 404.1566(d)(1)). Any error as to whether the plaintiff can perform her PRW as actually performed is therefore harmless.

As to the VE's purported misclassification of the plaintiff's PRW under the DOT as family advocate as opposed to child welfare caseworker as now urged by the plaintiff, the plaintiff was represented by counsel at the administrative hearing, and the ALJ specifically asked whether plaintiff's counsel had any objection to the ALJ's adoption of the VE's classification of the plaintiff's PRW, to which question counsel responded, "No, not at all, Your Honor."

In *Carey v. Apfel*, the Fifth Circuit held that

> claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 131, 146–47 (5th Cir. 2000). Although *Carey* predates SSR 00-4P (2000), which imposes a duty on the ALJ to obtain a reasonable explanation for an apparent conflict between the VE's testimony and the DOT, the Fifth Circuit has since applied *Carey* despite arguments based on SSR 00-4P. *See, e.g., Barratt v. Astrue,* No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. June 6, 2008). As observed in *Graves v. Colvin, Carey* has not been overruled. 837 F.3d 589, 593 n.1 (5th Cir. 2016); *see also Ruffin v. Colvin,* No. 3:16cv18-DPJ-FKB, 2017 WL 536549, at *5-6 (S.D. Miss. Feb. 8, 2017) (discussing Fifth Circuit's reliance on *Carey*, in number of unpublished, post-SSR 00-4P opinions, to hold conflicts between VE testimony and DOT are waived when not raised at administrative hearing).

The *Carey* court drew distinctions among three different types of conflicts: (1) the type of "direct and obvious conflict" at issue when the VE's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for that job in the DOT; (2) the "less obvious conflict" created when the VE's testimony creates a conflict or discrepancy between the ALJ's determination of the claimant's RFC and the DOT job descriptions; and (3) the "implied or indirect conflict," such as the one at issue in *Carey,* between the VE's testimony and the DOT and which "does not even become apparent until the further inference is made" of additional facts. 230 F.3d at 145-46. The alleged conflict in the instant case appears to fall in the third category.

The alleged conflict here is not the "direct and obvious" type, as the VE did not testify that the exertional level required for the job of family advocate was different from that provided

for that job in the DOT; rather, the VE testified correctly that that job is classified as sedentary in the DOT. Nor is the alleged conflict here the "less obvious" type, as the VE's testimony that a hypothetical individual with the plaintiff's RFC could perform the work of family advocate did not create a conflict or discrepancy between the RFC assessed by the ALJ and the DOT job description of family advocate work. The alleged conflict here is between the plaintiff's report of standing/walking 7 hours per day at her PRW and the VE's classification of that work as that of a job characterized in the DOT as sedentary. This is an "implied or indirect" conflict because it becomes apparent only if the further inference is made – or if it is implied – that by his testimony the VE meant the plaintiff's PRW was sedentary *as actually performed*. Had the VE offered such testimony, then perhaps this conflict would be considered "direct and obvious," but the VE did not testify to such, and the conflict must be implied or inferred from his testimony. Pursuant to *Carey*, the plaintiff waived this conflict by failing to raise it at the administrative hearing.

    The court is further persuaded on this issue by the fact that this alleged error occurred at step four, where the plaintiff retains the burden to establish that she is unable to perform her PRW. *Villa*, 895 F.2d at 1023. A number of district courts within the Fifth Circuit have held that at this step, a claimant who disagrees with the VE's characterization of her PRW is obligated to raise that issue and press it on cross-examination or else the issue is waived. *Martinez v. Berryhill*, No. SA-17-CV-00027-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017); *Griffin v. Colvin*, No. CV G-15-186, 2016 WL 6476994, at *5 (S.D. Tex. Oct. 31, 2016), *judgment entered*, No. CV G-15-186, 2016 WL 6496365 (S.D. Tex. Oct. 31, 2016); *Holland v. Colvin*, No. 3:14–cv–2694–K–BH, 2015 WL 5437727, at *13 n.4 (N.D. Tex. Aug. 31, 2015); *Bryant v. Astrue*, No. 09–1499, 2010 WL 3541097, at *5 (W.D. La. July 30, 2010).

For these reasons and those stated on the record at the conclusion of the hearing, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 29th day of May, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE