IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOSEPHINE S. BAILEY**                                                     **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 4:19-CV-168-RP**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

<u>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**</u>

This matter is before the court on the Plaintiff's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). Docket 22. A motion to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). As stated in her motion, Plaintiff seeks "to correct important legal errors in this court's ruling." Docket 23.

After careful consideration, the court concludes that the Plaintiff has failed to establish a manifest error of law, and the motion should be denied.[1] The Plaintiff makes three arguments in her motion to alter or amend, and the court addresses them in turn below.

**A. The standing limitation is inconsistent with a light RFC.**

The ALJ assessed a light RFC with the additional limitation of being able to stand or walk for 4 hours in an 8-hour workday. Plaintiff argues that when the VE testified that this

---

[1] As a threshold matter, the court finds that Plaintiff's motion is timely as it was filed on June 25, 2020, within 28 days of the entry of the court's May 29, 2020 Final Judgment. The refiling of Plaintiff's motion on June 29, 2020 was pursuant to a Clerk's Notice of Correction regarding the proper filing of exhibits. *See* Docket.

limitation did not preclude Plaintiff's ability to perform her past relevant work (PRW), he did not specify whether he was referring to past relevant work *as generally performed* or *as actually performed*. Docket 22.

Plaintiff contends that the prejudice this omission caused is twofold: if the VE was testifying that Plaintiff could perform her PRW *as generally performed*, then she would have been limited to sedentary or a reduced range of light work and thus found disabled; if the VE was testifying that Plaintiff could perform her PRW *as performed*, she would have been limited to light work and a 4 hour standing limitation is inconsistent with the regulatory definition of light work. *Id*. These arguments suggest an applicant's RFC is somehow dependent on VE testimony, which is not the case. The ALJ's assessment of an applicant's RFC is wholly independent of a VE's testimony that a hypothetical person of the applicant's age, education, work history, and with a certain RFC, is or is not capable of performing certain work. To say that the plaintiff "would have been limited" to a certain RFC depending on the VE's testimony is simply incorrect.

The ALJ in this case – not the VE -- assessed a light RFC with the additional limitation of being able to stand or walk for 4 hours in an 8-hour workday. Certainly this RFC is inconsistent with the *full range* of light work, and it is likewise inconsistent with a sedentary RFC, instead falling somewhere "in the middle." As stated in the court's judgment, in situations such as this where the grid rules would direct different conclusions at different exertional levels, and the claimant's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the extent of the remaining occupational base, and the ALJ should consult a VE. SSR 83-12 (S.S.A.), 1983 WL 31253. The ALJ did so in this case, and the VE testified that an individual with the

plaintiff's age, education, work history and RFC would be able to perform the plaintiff's PRW of family advocate, which is classified as sedentary under the DOT.

As to Plaintiff's argument regarding the distinction between PRW as actually performed and as generally performed in the national economy, this was addressed in the court's judgment as well. Although the ALJ may have erred in finding the plaintiff can perform her PRW *as actually performed* given her report of standing/walking 7 hours per day, the determination of the plaintiff's ability to perform PRW may also rely on a description of past work *as generally performed* in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The DOT, under which the plaintiff's PRW as classified by the VE is considered sedentary, "reflects the exertional requirements of a job as performed in the national economy." *Villa*, 895 F.2d at 1022. (citing 20 C.F.R. § 404.1566(d)(1)). Any error as to whether the plaintiff can perform her PRW as actually performed is therefore harmless, as there is no real dispute that a person of the plaintiff's age, education, work history, and with the RFC assessed by the ALJ, could perform the work of family advocate as generally performed in the national economy.

**B. The VE misclassified Plaintiff's PRW under the DOT.**

This argument is addressed in the court's judgment and there is no manifest error of law in that regard. The Fifth Circuit's prohibition, stated in *Carey v. Apfel*, 230 F.3d 131, 146–47 (5th Cir. 2000), against presenting as reversible error on appeal an "implied or indirect" conflict between a VE's testimony and the DOT, when that conflict was not raised at the administrative hearing, remains applicable law. The Fifth Circuit has relied on this aspect of *Carey* a number of times since SSR 00-4P became the SSA's official policy, and the fact those recent decisions are unpublished and therefore not precedent does not render them unpersuasive.

As stated in the court's judgment in this case, the court is further persuaded on this issue by the fact that the alleged error occurred at step four, where the plaintiff retains the burden to establish that she is unable to perform her PRW. *Villa*, 895 F.2d at 1023. A number of district courts within the Fifth Circuit have held that at this step, a claimant who disagrees with the VE's characterization of her PRW is obligated to raise that issue and press it on cross-examination or else the issue is waived. *Martinez v. Berryhill*, No. SA-17-CV-00027-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017); *Griffin v. Colvin*, No. CV G-15-186, 2016 WL 6476994, at *5 (S.D. Tex. Oct. 31, 2016), *judgment entered*, No. CV G-15-186, 2016 WL 6496365 (S.D. Tex. Oct. 31, 2016); *Holland v. Colvin*, No. 3:14–cv–2694–K–BH, 2015 WL 5437727, at *13 n.4 (N.D. Tex. Aug. 31, 2015); *Bryant v. Astrue*, No. 09–1499, 2010 WL 3541097, at *5 (W.D. La. July 30, 2010). Plaintiff does not address this aspect of the court's judgment, and it will not be altered or amended.

**C. If Plaintiff's PRW could not be classified under the DOT, she should have been found disabled.**

Lastly, Plaintiff addresses the Commissioner's statements at the oral argument in this case regarding Plaintiff's description of her PRW as requiring seven hours of standing and walking in an eight-hour day. The Commissioner stated that "there's no job in the national economy that requires seven hours of standing and walking a day." Plaintiff argues that under POMS DI 25005.025, "if there is no occupational counterpart in the DOT, you cannot evaluate past relevant work (PRW) as generally performed in the national economy unless you have evidence from other reliable occupation information that provides this." However, the VE did not testify – and the ALJ did not find – that there is no occupational counterpart to Plaintiff's PRW in the DOT, nor did Plaintiff raise this issue in her brief on appeal to this court. Pursuant to the court's order in this case directing the filing of briefs addressing all errors which Plaintiff

contends entitle her to relief from the Commissioner's decision, the issues before the court were limited to the issues properly raised in the briefs. Because this argument was not properly raised before entry of the judgment, it cannot serve as a basis for altering or amending the judgment. *Templet*, 367 F.3d at 479.

## Conclusion

For the above reasons, Plaintiff's Motion to Alter or Amend Judgment is **DENIED.**

**SO ORDERED**, this the 27th day of July, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE